WLADYSLAW PONIATOWSKI AND JOSEPH ZAWISKA, PLAINTIFFS-APPELLEES, v. JOHN W. CAMAC. DEFENDANT-APPELLANT.

Submitted March 13, 1925—Decided August 3, 1925.

**Contracts—Damages For Alleged Sale of Rights in a Party Wall in Which Defendant Had No Title, and Also For Deceit— Defendant Alleged Nonsuit Should Have Been Granted, That Plaintiff in Using Ground Took the Property and at Least Used the Brick and Mortar—Contention Held to be Without Merit.**

On appeal from the Camden District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *French & Richards.*

For the appellees, *D. Trueman Stackhouse.*

PER CURIAM.

The plaintiffs in this case brought suit in two counts, in one to recover the sum of $150, with interest, being for moneys paid to the defendant for one-half of a party wall purchased of him and to which the latter had no title, and in the other a like sum as damages arising out of the same transaction in a count for deceit. On the trial in the Camden District Court judgment was rendered in their favor for $165.

Substantially, two grounds of appeal are filed in the case. The first is that the court should have granted a nonsuit and erroneously entered judgment for the plaintiff, and the second is to a ruling on a question asked of the plaintiff on cross-examination.

The plaintiffs proved that they were the owners of premises 1615 Louis street, in the city of Camden; that they were desirous of building on this lot and of utilizing the party wall

then existing at 1613 Louis street. The defendant by a warranty deed undertook to convey to the plaintiffs the southerly half of the party wall in question, consisting of four and one-half inches on Louis street and thirty feet in depth. The plaintiffs proceeded to build on their lot and also on the ground thus attempted to be conveyed. After the ground has been so used the plaintiffs ascertained that the defendant, Camac, did not own the land and no right to convey.

The first question is whether a nonsuit should have been granted. It is claimed that the plaintiffs in utilizing the ground took the property, and, at least, obtained the use of the bricks and mortar in the party wall. We think this contention is without merit. While it is true the party wall erected by the defendant was used by the plaintiffs in the construction of their building, it is also true that they were trespassers on the land, and could not maintain their use of the four and one-half inches without the consent of the owner of the soil. To obtain this consent they were obliged to pay $150. There was some evidence of the damages sustained under the count in deceit, which count was also sustained by the facts which the court could find established. These were that the defendant had a paper title which did not include the *locus in quo*, from which it could be inferred that he was familiar with his title and its limitations; that in this situation he not only asserted that he was the owner of the party wall, but that he had paid $200 more than anyone else in the row in order that he might buy it. This evidence, undenied by him, was certainly sufficient to justify an inference of deceit. *Feldmesser* v. *Lemberger*, 3 *N. J. Adv. R.* 513.

The alleged trial error arose in this wise: On cross-examination defendant's counsel asked of the plaintiff the following question: "Was not the original agreement for you to pay Camac $150 for the use of the party wall and was not the deed for the ground an after thought?" The question was excluded, and properly. Whether there was an original agreement had no possible bearing on the case being tried, which was to recover damages based upon the representation

as to ownership and failure of consideration. There was no claim that such original agreement, if there was one, in anywise became a part of the transaction, which was finally consummated between the parties.

The judgment will be affirmed.